IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES KIRK MOORE                                                                      PETITIONER

VS.                                                    CIVIL ACTION NO. 3:07-CV-157-TSL-JCS

CHRISTOPHER EPPS,                                           RESPONDENT
COMMISSIONER OF MDOC

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

**Procedural History**

James Kirk Moore was convicted of burglary of a business in the Circuit Court of Rankin County, Mississippi, after a jury trial conducted on January 28, 2004. On February 9, 2004, the court sentenced Moore to life imprisonment in the custody of the Mississippi Department of Corrections, having found him to be a violent habitual offender, as provided in Miss. Code Ann. § 97-13-33.

On direct appeal, Moore assigned as error the following:

I. The trial court erred by allowing the introduction of a prior bad act into evidence.

On September 20, 2005, the Mississippi Court of Appeals affirmed petitioner's judgment of conviction and sentence in a written opinion. Moore v. State, 921 So. 2d 381 (Miss. Ct. App. 2004), reh'g denied, Dec. 6, 2005, cert. denied, Feb. 16, 2006. On June 23, 2006, petitioner filed his application for leave to proceed in the trial court. In this proceeding, he raised the following grounds:

I. Actual innocence;

II. Trial counsel was ineffective for not objecting to the trial court error of

1

allowing the State to amend Petitioners [sic] indictment through jury instruction S-1A given to the jury that clearly contained a "NEW ELEMENT" which was not contained in the original indictment; and

III. Trial counsel was ineffective for failing to challenge the sufficiency of evidence on direct appeal due to the verdict being against the overwhelming weight of evidence and insufficient, as a matter of law, to sustain a conviction of business burglary.

The Mississippi Supreme Court denied Moore relief on July 19, 2006, finding as follows:

Actual innocence is not a ground for relief contemplated by statute and, as such, should be denied. See Miss. Code Ann. § 99-39-5(1). Further, the claims of ineffective assistance of counsel fail to meet the standards required by Strickland v. Washington, 466 U.S. 668, 687 (1984). For these reasons, the application should be denied.

On March 15, 2007, pursuant to the "mailbox rule," Moore filed his petition for writ of habeas corpus in this court, essentially raising the same issues which he asserted in his application for leave to proceed in the trial court. Specifically, the grounds asserted are:

Ground One - "Actual Innocence Claim in violation of the 6th and 14th Amendment: Petitioner were convicted and sentence for a crime which he was never indicted for;"

Ground Two - "Ineffective assistance of counsel at trial and on direct appeal: Trial counsel fail to object to the Trial court error of allowing the state to effectively alter and amend petitioner's indictment through Jury Instruction S-1A given that clearly contained 'NEW ELEMENT' which were not contained in the original indictment;" and

Ground Three - "Ineffective assistance of counsel at trial and on direct appeal: Trial counsel fail to challenge the sufficiency of the evidence on direct appeal."

**Standard of Review**

Title I of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-32, 110 Stat. 12144, modified 28 U.S.C. § 2254 by providing the following:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any

2

claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under AEDPA, where the state court adjudicated the petitioner's claim on the merits, this court reviews questions of fact under § 2254(d)(2), while questions of law or mixed questions of law and fact are reviewed under § 2254(d)(1). Factual findings are presumed to be correct, and the court defers to the state court's decision regarding factual determinations unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000); § 2254(d)(2). The court independently reviews questions of law and mixed questions of law and fact to determine whether the state court's decision thereon was either "contrary to" or an "unreasonable application of" federal law. Williams v. Taylor, 529 U.S. 362, 403-408 (2000); Hill, 210 F.3d at 485.

The first step in this inquiry is to determine what federal law should be applied to the state court's decision. Williams, 529 U.S. at 404. The determinations of the state courts must be tested against "clearly established Federal law, as determined by the Supreme Court of the United States." Id.; § 2254(d)(1). Next, this court must determine whether the state court's decision was "contrary to" that established Federal law. The proper standard is an objective one, not subjective. Id. at 408-409. The term "unreasonable" was distinguished from "erroneous" or

"incorrect"; thus, a state court's incorrect application of the law may be permitted to stand if it was, nonetheless, "reasonable."

A summary of the AEDPA law is that ultimately, "[t]o prevail on a petition for writ of habeas corpus, a petitioner must demonstrate that the state court proceeding 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Robertson v. Cockrell, 325 F.3d 243, 247-48 (5th Cir. 2003) (en banc) (quoting 28 U.S.C. § 2254(d)(1) (2000)). The courts have no authority to grant habeas corpus relief simply because "we conclude, in our independent judgment, that a state supreme court's application of [federal] law is erroneous or incorrect." Catalan v. Cockrell, 315 F.3d 491, 493 (5th Cir. 2002).

## Facts

The facts of this case are set forth in the Mississippi Court of Appeals' decision and are as follows:

> Tim Derrick testified that on the evening of March 20, 2002, at approximately 8:00 p.m., he was purchasing gasoline at the Conoco service station in Brandon when he noticed a black male walking back and forth and fidgeting in the area of a nearby pay telephone. The man, later identified as Derek Fitzgerald, also appeared to be making some attempt at concealing a tire tool that he carried in one hand. Very shortly thereafter, Fitzgerald walked toward a nearby Family Dollar Store and began striking the glass door of the store with the tire tool causing the glass to break. Derrick placed a 911 call on his cell phone and waited for law enforcement officers to arrive. Officers from the Brandon Police Department arrived within minutes of the call.

> One of the responding officers was Lee Bryant who testified that he and his partner were in the vicinity when they heard the call. They approached without lights or sirens, and Bryant went to the rear of the store while his partner covered the front. Almost immediately, Fitzgerald rushed out of the rear entrance of the store and was confronted by Bryant who ordered him to "freeze and get on the ground." A pat down search of Fitzgerald produced what Bryant described as a "wad" of money. When questioned about the presence of any accomplices, Fitzgerald said that there was no one in the store but that he had been

4

accompanied to the scene by another individual who was waiting in Fitzgerald's car at a nearby parking lot.

David Smith, a lieutenant with the Brandon Police Department, testified that he investigated Fitzgerald's claim that a second person was waiting in Fitzgerald's car parked near the scene. Using information provided by Fitzgerald on the description of the individual and the car, Smith located the car at a nearby Shell service station and, indeed, an individual fitting the description provided by Fitzgerald was occupying the driver's seat of the automobile. Lt. Smith testified that he approached the vehicle and asked the occupant to step out of the vehicle and to produce some form of identification. No identification was produced but the individual identified himself as Kendall Ellis. A check on the vehicle confirmed that the car belonged to Fitzgerald. The person who identified himself as Kendall Ellis was later determined to be James K. Moore.

Fitzgerald testified that he met Moore for the first time at approximately 10:30 a.m. on the morning of the crime. He said that he saw Moore walking along a Jackson, Mississippi street and agreed to give him a ride home. Before long, the two men were smoking crack cocaine that had been provided by Moore as payment for the ride. At some point, Fitzgerald agreed to purchase cocaine from Moore, and the two of them smoked that as well. When it came time for Fitzgerald to pay for the cocaine, Fitzgerald was forced to admit that he did not have the sixty or seventy dollars that was owed. Moore demanded payment for the cocaine.

Fitzgerald told Moore that he knew where he could get the money. He told Moore that he had once been the manager of the Family Dollar Store in Brandon and that he still had keys to the store. Fitzgerald testified that he made up the story in an attempt to get away from Moore because he was afraid of what Moore would do to him if he did not pay the money. Fitzgerald explained that earlier in the day he had witnessed an incident in which Moore put a knife to the throat of an unidentified individual and threatened to kill the individual. Fitzgerald further testified that when he offered to go and get the money he owed, Moore did not trust him to return with the money. Moore then took the keys to Fitzgerald's car and drove the two of them to the Family Dollar Store where Moore coerced Fitzgerald with threats of violence and death into breaking into the store.

Moore rested without putting on a defense.

Moore, 921 So. 2d at 382-83.

## Analysis of the Issues and the Applicable Law

### Ground One: Actual Innocence

By this ground, Moore argues that the prosecution failed to prove that he committed business burglary as alleged in the indictment.[1] He further claims that his conviction was only obtained after the court allowed the prosecution to impermissibly amend the indictment through a jury instruction which allowed the jury to find him guilty of the crime if it determined that he had "aided and abetted" Fitzgerald.  As the State correctly points out, absent an independent constitutional violation occurring in the state trial, actual innocence based on new evidence relevant to the guilt of a state prisoner is not cognizable on federal habeas corpus.  Herrera v. Collins, 506 U.S. 390, 400, 404 (1993); Graves v. Cockrell, 351 F.3d 143 (5th Cir. 2003); Jacobs v. Scott, 31 F.3d 1319, 1324 (5th Cir. 1994).  Instead, actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Id. at 404.  As petitioner does not assert actual innocence in an effort to overcome a procedural bar, he has failed to state a claim on which the court may grant relief and the claim is subject to dismissal.

### Grounds Two and Three: Ineffective Assistance of Counsel:  Failure to object to effective amendment of indictment by jury instruction S-1A and Failure to raise the issues regarding the weight and sufficiency of the evidence on direct appeal

By ground two, petitioner contends that he received constitutionally deficient counsel because his trial counsel failed to object to the prosecution's instruction S-1A, on the ground that the "aiding and abetting" language contained therein effectively amended the indictment which charged Moore as a principal and failed to recite that he committed the crime by aiding and

---

[1] In his petition before this court, Moore offered no argument on this issue.  The court's understanding of his claim is gleaned from its review of his submissions to the state court.

abetting another. In ground three, petitioner charges that trial counsel, who continued to represent him on appeal, should have raised the issue of the weight and sufficiency of the evidence. According to Moore, there was not sufficient evidence to convict him either as a principal or as one aiding and abetting, especially given that Fitzgerald's testimony was shown to be false in many respects. As set forth previously, the Mississippi Supreme Court rejected both of these grounds, concluding that Moore had failed to satisfy the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984) (to prevail on claim of ineffective assistance of counsel, petitioner must demonstrate counsel's representation fell below an objective standard of reasonable competence as a result of which he was prejudiced). By their answer, the State argues that this conclusion does not amount to an unreasonable application of Strickland. Based on the following, the undersigned agrees.

Initially, even were the court to conclude counsel's failure to object to SA-1 on the basis urged by petitioner was an error, it is clear that defendant was not prejudiced by his inaction. That is to say, the jury instruction did not impermissibly amend the indictment. Miss. Code Ann. § 97-1-3 ("Every person who shall be an accessory to any felony, before the fact, shall be deemed and considered a principal, and shall be indicted and punished as such; and this whether the principal have been previously convicted or not."); Williams v. State, 463 So.2d 1064, 1066 (Miss., 1985) ("One who aids and abets another in such a context is an accessory before the fact and is guilty as a principal."); Anderson v. State, 397 So.2d 81, 84 (Miss., 1981) (in accordance with Miss. Code Ann. § 97-1-3, "[o]ne who aids, abets and assists in the commission of a crime is indictable and subject to the same punishment as a principal."). Accordingly, the state court's decision that Moore failed to satisfy Strickland, does not violate any clearly established federal

7

law and that no relief may be granted on this issue.

Likewise, given Fitzgerald's testimony at trial about Moore's role in the crime, which the jury was free to and obviously did credit, Moore was in no way prejudiced by counsel's decision not to raise the issue of the sufficiency of the evidence on direct appeal. Under Mississippi law,

> What renders one an "aider and abetter" is well settled. In <u>Crawford v. State</u>, 133 Miss. 147, 97 So. 534 (1923), this Court ruled that to aid and abet in the commission of a felony, one must "do something that will incite, encourage, or assist the actual perpetrator in the commission of the crime." 133 Miss. at 151, 97 So. 534. See <u>Malone v. State</u>, 486 So.2d at 363 (To "aid and abet" means that one must "do something that will incite, encourage, or assist the perpetrator in the commission of a crime.").

<u>King v. State</u>, 857 So.2d 702, 739 (Miss., 2003). Here, Fitzgerald testified that he was the one who actually broke into the Dollar General, and the jury further had before it the following evidence:

> Fitzgerald testified that, on the day of the burglary, he and Moore smoked crack cocaine and that Fitzgerald owed Moore sixty to seventy dollars for the drugs. S.C.R., Vol. 3, pp. 164-165. Fitzgerald further testified that Moore drove Fitzgerald, in Fitzgerald's car, to the Dollar General in Brandon, Mississippi, and informed Fitzgerald that he would kill him if Fitzgerald did not break into the store and get Moore his money. S.C.R., Vol. 3, pp. 168- 173. The jury was also presented with the testimony of Officer David Ruth, who stated that Fitzgerald repeated this story to officers at the time he was arrested. S.C.R., Vol. 3, pp. 211-212. Additionally, Officer David Smith testified that Moore was found in the drivers' seat of Fitzgerald's car at which time he gave police a false name. S.C.R., Vol. 3, pp. 156-157.

Answer to petition for writ of habeas corpus, p. 10-11. As the State argues, there was clearly sufficient evidence to support an aiding and abetting instruction under state law and to support the jury's conclusion that Moore was guilty of business burglary as an aider and abetter. See <u>Jackson v. Virginia</u>, 443 U.S. 307, 324 (1979) (in reviewing sufficiency of the evidence, relevant question is, "[w]hether, after viewing the evidence and the reasonable inferences which flow

8

therefrom in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."). Accordingly, appellate counsel cannot be faulted for failing to object on the grounds suggested by Moore as such an objection would have been unwarranted. See Clark v. Collins, 19 F. 3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering, it is the very opposite."). Based on the foregoing, the undersigned recommends that relief be denied on this basis as well.

## **Conclusion**

For the reasons discussed above, the undersigned recommends that the petition should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the _9th day of July , 2009.


/ s/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE